UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE TOLBERT III,

        Petitioner,

v.

        CASE NO. 2:11-CV-14759
        HONORABLE DENISE PAGE HOOD

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Donald Lee Tolbert III ("Petitioner") has filed a petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, in the Saginaw County Circuit Court in 2008. He was sentenced to consecutive terms of 22 ½ to 50 years imprisonment and two years imprisonment on those convictions in 2009. In his pleadings, Petitioner asserts that the trial court erred in denying his motion to withdraw his plea, essentially challenging the factual basis for his plea and the voluntariness of his plea. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Facts and Procedural History**

Petitioner's convictions arise from the shooting death of Charlie Hoskins during an altercation in Saginaw, Michigan on June 2, 2007. The state court record reveals that Petitioner attempted to rob a man named David Gilman at gunpoint and pistol-whipped him in the face. A woman named Martina Gaines yelled at Petitioner from her porch. Petitioner left Gilman, who ran away, and began arguing with Gaines. Charlie Hoskins approached Petitioner and Gaines and told Petitioner to calm down. Petitioner then struck Hoskins with the gun. On the third strike, Petitioner hit Hoskins in the head and the gun discharged, killing Hoskins. Petitioner fled the scene. Petitioner was subsequently arrested and charged with open murder, assault with intent to rob while armed, and two counts of possession of a firearm during the commission of a felony.

On November 5, 2008, Petitioner pleaded guilty to second-degree murder and possession of a firearm during the commission of a felony in exchange for the dismissal of the other charges, as well as the dismissal of two unrelated charges from a separate case. There was also a *Cobbs* agreement that Petitioner's minimum sentence on the second-degree murder conviction would not exceed 23 years imprisonment.

Before sentencing, Petitioner moved to withdraw his plea asserting that there was an insufficient factual basis to show that he acted with the requisite malice to support his second-degree murder conviction. On January 12, 2009, the trial court conducted a hearing, denied the motion to withdraw, and sentenced Petitioner in accordance with the *Cobbs* agreement.

Following sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the same claim presented on habeas review. The court

2

granted leave to appeal and affirmed Petitioner's convictions. *People v. Tolbert*, No. 293142, 2010 WL 2219661 (Mich. Ct. App. June 3, 2010) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Tolbert*, 488 Mich. 872, 788 N.W.2d 447 (2010).

Petitioner thereafter filed his federal habeas petition raising the following claim:

The trial court abused its discretion and committed clear error in denying his motion to withdraw plea before sentencing.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

### III. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06

(2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* In

4

order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

In this case, the trial court denied Petitioner's motion to withdraw his plea. The Michigan Court of Appeals affirmed Petitioner's convictions finding that a sufficient factual basis had been established and that his plea was voluntary. The court explained in relevant part:

> It is clear from the transcript of the plea hearing that the court initially had some doubt about the factual basis for the plea. However, after defendant persisted and the court clarified his position, including his admission that he pulled the trigger, the factual basis was established. Further, the facts admitted were consistent with what defendant had been claiming about an accidental discharge. Additionally, there is no indication in the record that the plea was not "made freely, with full knowledge of the nature of the accusation, and without undue influence." Indeed, defendant's persistence in pursuing the plea belies this conclusion.

*Tolbert*, 2010 WL 2219661 at *5. The Michigan Supreme Court denied leave to appeal. For the reasons that follow, the Court concludes that the state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

## IV.     Analysis

### A.     Denial of Motion to Withdraw

Petitioner asserts that he is entitled to habeas relief because the state trial court abused its discretion in refusing to allow him to withdraw his plea prior to sentencing. Such

---

[1]The Court would reach the same result under a *de novo* standard of review.

6

a claim, however, is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). Federal habeas courts have no authority to correct perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Habeas relief is not warranted on such a state law claim.

### B. Factual Basis

Petitioner also asserts that he is entitled to habeas relief because he pled guilty to second-degree murder and the facts of the case do not legally support such a conviction. Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." MICH. CT. R. 6.302(D)(1). A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *Estelle*, 502 U.S. at 67-68. There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the

crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975); *see also Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010) (affirming denial of habeas relief on similar claim). The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. As discussed *infra*, Petitioner has not shown, nor does the record indicate, that his plea fails to meet that requirement.

Additionally, the Michigan Court of Appeals determined that the facts were sufficient to establish the offense of second-degree murder and supported Petitioner's plea to that charge. *Tolbert*, 2010 WL 2219661 at *2-5. This determination is entitled to deference on habeas review. To the extent that Petitioner challenges the Michigan Court of Appeals' construction or application of state law, he is not entitled to habeas relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief is not warranted on this claim.

   **C.   Voluntariness of Plea**

Petitioner also asserts that he is entitled to habeas relief because his guilty plea was involuntary. In particular, Petitioner claims that he was coerced into accepting the plea and that he is innocent of second-degree murder because the gun discharged accidentally.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct

consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 25 years old at the time of his plea, had completed the 11th grade, had children, and had some experience with the criminal justice system. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the terms of the plea and its consequences. Petitioner indicated he understood the terms of the plea, that he was pleading guilty of his own free will, and that he had not been coerced or threatened. He also denied that any promises, other than those contained in the plea agreement, had been made to him to induce his plea. Petitioner has not shown that his plea was involuntary.

Petitioner claims that he was coerced into accepting a plea. Petitioner has not established that defense counsel, the prosecutor, or the trial court misadvised him about his case, his plea, or his sentence. Petitioner's assertion that he was pressured into pleading guilty conflicts with his sworn testimony at the plea hearing in which he denied

being coerced and stated that he wanted to plead guilty and that he was entering the plea of his own free will. The fact that Petitioner faced more charges and/or a greater sentence if he proceeded to trial did not amount to coercion. *See, e.g. Bordenkircher v. Hayes*, 434 U.S. 357, 363-64 (1978) (ruling that a prosecutor may warn a defendant that he risks a more severe punishment or a greater charge should he proceed to trial). There is no evidence that counsel, the prosecutor, or the court strong-armed Petitioner or used coercive tactics to get him to accept the plea. Rather, the record indicates that Petitioner had some difficulty setting forth the factual basis for his plea. Upon questioning by the attorneys and the trial court, however, Petitioner admitted hitting the victim in the head with the gun, knowing that the gun could cause great bodily harm, and pulling the trigger that sent the bullet into the victim's brain. Petitioner is bound by the statements he made at the plea hearing. *Ramos v. Rogers*, 170 F.3d 560, 654 (6th Cir. 1999). Although Petitioner indicated that he wished that the death had not occurred, he accepted responsibility for his actions at the plea hearing. The fact that he initially had problems providing a sufficient factual basis for his plea does not mean that his plea was involuntary. *See Verdulla v. Metrish*, No. 2:06-CV-12589, 2008 WL 251894, *4 (E.D. Mich. Jan. 30, 2008) (plea was voluntary even though petitioner had difficulty with factual basis).

Petitioner also claims that his plea is involuntary because he maintained his innocence in state court and/or now believes that he is innocent of second-degree murder. However, a solemn declaration of guilt by the defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Unsupported assertions of innocence are insufficient to permit a defendant to withdraw a plea. *See Everard v. United States*, 102 F.3d 763, 766 (6th Cir.

1996) (citing authority for the proposition that "the mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal"). Petitioner has not shown that he is innocent or that his plea was involuntary at the time it was rendered. The fact that he was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *Brady*, 397 U.S. at 757. Having thoroughly reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on this claim.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. Having conducted the requisite review, the Court concludes

11

that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 26, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager